IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>          Respondent/Plaintiff,   )<br>vs.                                             )<br>                                                  )<br>MYTHE YUVETTE KIRVEN,          )<br>          Movant/Defendant.        )  | No. 3:00-CR-0460-R<br>No. 3:02-CV-2736-R |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In December 2002, movant commenced this civil action by filing a document titled, "Defendant's Request for Relief." The Court construed the filing as a challenge to movant's federal conviction in Cause No. 3:00-CR-460-R, and issued a Notice of Deficiency and Order in which it noted that the filing was not on the standard form used for motions to vacate filed pursuant to 28 U.S.C. § 2255. Defendant thereafter filed a motion to vacate on the appropriate form and the government filed an answer in response. The case was became ripe for adjudication.

On March 2, 2004, the Court entered an amended judgment in the underlying criminal action. On June 18, 2004, the Court entered an order in the criminal action pursuant to the Mandatory Victim Restitution Act of 1996. On June 28, 2004, that order was returned to the Court as "undeliverable" because the movant was no longer incarcerated at her last known address. Movant has apparently been released and has left no viable forwarding address. To date, movant has filed no notice of change of address with the Court.

## I. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (habeas action). Movant has failed to notify the Court of her change in address, and an order of the Court has been returned as undeliverable. Movant has given no indication that she intends to proceed with this action. To prosecute a filed action, filing parties must keep the Court apprised of any changes in their mailing addresses.

A dismissal under Rule 41(b) may be with or without prejudice. The Court may dismiss an action with prejudice when "[t]he inability to proceed with th[e] litigation is directly attributable to [a] failure to notify the Court of [a] current address." *Jackson v. Richardson*, No. 3:97-CV-2317-BD(R), 1998 WL 765151, at *1 (N.D. Tex. Oct. 23, 1998). In addition, when "a dismissal without prejudice would be futile . . . because . . . the statute of limitations had already run" on the raised claims, the Court properly dismisses an action with prejudice. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985). Because the statute of limitations has now run on the claims raised in the instant motion to vacate, the Court should dismiss the instant motion to vacate with prejudice for want of prosecution.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that movant's motion to vacate be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 4th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3